IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MARIO RAMON McGOWAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| vs. | § | Civil No. 7:10-CV-027-D |
| | § | |
| UNITED STATES OF AMERICA, | § | (Criminal No. 7:07-CR-005-D) |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

This is a motion to vacate, set aside, or correct the sentence filed pursuant to 28 U.S.C. § 2255.  For the reasons that follow, the court denies the motion and denies a certificate of appealability.

I

In a two-count superseding indictment, movant Mario Ramon McGowan ("McGowan") was charged with (count 1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and (count 2) possession or receipt of a firearm bearing a removed or obliterated serial number, in violation of 18 U.S.C. § 922(k) and 924(a)(1)(B).  McGowan pleaded not guilty and was tried by a jury.  He was found guilty on count 1 and not guilty on count 2.  Because his sentencing guideline range exceeded the maximum statutorily authorized sentence of 120 months, McGowan was sentenced at the 120-month maximum to be followed by 3 years of supervised release.  His conviction was affirmed on direct appeal.

In support of the instant motion, McGowan presents the following grounds for relief:

1.      the indictment was based on an unconstitutional statute and failed to state a federal offense, thus, there was no federal jurisdiction;

2.      his state court conviction for delivery of a controlled substance could not be used to enhance his federal sentence under the Sentencing Guidelines, and;

3.      there was insufficient evidence to support a conviction.

Mot. to Vacate 4-8.  Respondent argues that grounds No. 1 and No. 2 above are not cognizable on collateral reviewed and that ground No. 3 is procedurally barred because it was never raised in the trial court or on direct appeal.

II

28 U.S.C. § 2255 provides that a prisoner in custody under the sentence of a federal court can file a motion to vacate, set aside, or correct the sentence in the court that imposed the sentence. The statute states four grounds on which such relief can be claimed:

1.      that the sentence was imposed in violation of the Constitution or laws of the United States;

2.      that the court was without jurisdiction to impose such sentence;

3.      that the sentence was in excess of the maximum authorized by law, and;

4.      that the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962).  Section 2255 does not mandate habeas relief to all who suffer trial errors.  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  It is limited to grounds of constitutional or jurisdictional magnitude, *Limon-Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974), and for the narrow spectrum of other injury that "could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."  *Capua*, 656 F.2d at 1037.

III

A

In his first ground for relief, McGowan asserts that the indictment was based on an unconstitutional statute because 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm by a convicted felon if the firearm has been shipped or transported in interstate or foreign commerce, requires a "substantial effect" on interstate commerce. Mot. to Vacate 4. He argues that the only fact present in his case was that the firearm he possessed traveled across state lines at some point in time and that the application of this statute to the facts of his case "contravenes the limits of the commerce powers." *Id.* He further argues that the "high court" has stressed that criminal prosecution is primarily a state function to be undertaken pursuant to the police powers of the state rather than the federal government. *Id.*

> Section 922(g)(1) makes it unlawful for a person who has been convicted of a felony to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. The in or affecting commerce' element can be satisfied if the firearm possessed by a convicted felon had previously traveled in interstate commerce.

*United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996) (internal quotation marks omitted) (quoting *United States v. Fitzhugh*, 984 F.2d 143, 146 (1993)).

McGowan's constitutional challenge to 18 U.S.C. § 922(g)(1) is without merit because "the constitutionality of § 922(g) is not open to question." *United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir. 1999). Section 922(g)(1) does not require a "substantial effect" on interstate commerce. *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *see United States v. Kuban*, 94 F.3d 971 (5th Cir. 1996) (affirming a § 922(g)(1) conviction where the weapon, possessed in Texas, had

- 3 -

been manufactured in Belgium); *United States v. Rawls*, 85 F.3d 240 (5th Cir. 1996) (affirming § 922(g)(1) conviction where defendant in Texas possessed firearm that was manufactured in Massachusetts). The statute merely requires a showing that, at some point, the firearm passed through interstate commerce. *Scarborough v. United States*, 431 U.S. 563, 575 (1977). In the instant case, the jury found the evidence sufficient to make such a showing. McGowan is not entitled to relief on this ground.[1]

## B

In his second ground for relief, McGowan asserts that his state court conviction for delivery of a controlled substance was erroneously used to enhance his sentence under the Sentencing Guidelines. Mot. to Vacate 5. He maintains that there is an error in the calculation of his sentence. This claim is not cognizable in a § 2255 proceeding. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding that challenge to a career offender enhancement under Sentencing Guidelines could not be raised on collateral review).

## C

In his third ground for relief, McGowan asserts that there was insufficient evidence to support his conviction. Specifically, he alleges that the government failed to prove that he committed a firearm offense, that the court failed to provide the jury a report of his confession when requested, and that all of the elements required to prove a firearm offense were not presented to the jury. Mot. to Vacate 7. McGowan argues that, had the jury been presented with all of the evidence or the report of his confession, he would have been acquitted. *Id.* Claims of insufficient evidence

---

[1]McGowan's assertion that he should have been prosecuted by the state rather than the federal government is frivolous as a matter of law.

are not cognizable on collateral review.  *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972).  Therefore, McGown is not entitled to relief on this ground.[2]

D

In his reply to respondent's answer, McGowan alleges that he repeatedly asked counsel to file a motion to dismiss the indictment because it was based upon an unconstitutional statute and because he had not committed a federal firearm violation.  Movant Reply 4-5.  As discussed above, the statute under which McGowan's firearm charge was brought, 18 U.S.C. § 922(g)(1), is not unconstitutional.  Therefore, there was no basis to move for dismissal of the indictment.  Counsel cannot be deemed ineffective for failing to file a frivolous motion.  *See Strickland v. Washington*, 466 U.S. 668, 687-91 & 694 (1984) (holding that, to prevail on claim of ineffective assistance of counsel, movant must show that (1) counsel's representation fell below objective standard of reasonableness, and (2) there is reasonable probability that, but for counsel's unprofessional errors, result of trial would have been different).

To the extent that McGowan is asserting a claim of actual innocense, he is not entitled to relief.  McGowan's actual innocense claim appears to be based on his belief that the statute under which he was convicted,18 U.S.C. § 922(g)(1), is unconstitutional.  This claim is without merit.  Moreover, McGowan's claim of actual innocense is conclusory and, as such, fails to state a viable ground for relief.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).  The jury found

---

[2]McGowan presented his claim of insufficient evidence with regard to possession of a firearm on direct appeal.  The Fifth Circuit affirmed his conviction.  *United States v. McGowan*, No. 08-10432 (5th Cir. 2009).

McGowan guilty of the firearm violation.  The Fifth Circuit affirmed his conviction.  McGowan is not entitled to relief on his claim of actual innocense.

For the foregoing reasons, the motion to vacate, set aside or correct the sentence is denied.

IV

Pursuant to 28 U.S.C. § 2253(c), the court denies a certificate of appealability.  It concludes, based on this memorandum opinion and order, that McGowan has failed to demonstrate that reasonable jurists would find it debatable whether this court was correct in its ruling.  *See Slack v. McDaniel*, 529 U.S. 478 (2000); *Morris v. Dretke*  379 F.3d 199, 204 (5th Cir. 2004).

**SO ORDERED.**

March 29, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE